UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRAVIS HAGEN, Individually and as Personal Representative of the Estate of MINWELLA KLINE-HAGEN a/k/a NIKKI KLINE-HAGEN, Deceased,

           Plaintiff,

           v.

NATIONAL RAILROAD PASSENGER CORPORATION,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1:15-CV-1291 GLS/CFH

ORDER

      Plaintiff, Travis Hagen, is the widower of Minwella Nicole ("Nikki") Kline-Hagen, who died October 29, 2014. Travis and Nikki had two children, twin girls A.H. and S.H. (age 4 at the time of Nikki's death, and now age 8). Mr. Hagen brought this action pursuant to the Federal Employers' Liability Act, as personal representative, for himself and for the benefit of the minor children. 45 USCA § 51. The proceeds of the action must be distributed between Mr. Hagen, the widower, and the twin girls, in proportion to the pecuniary loss suffered by each. Taylor v. Taylor, 232 U.S. 363, 34 S. Ct. 350, 58 L. Ed. 638 (1914) (noting that since the federal act superseded state law, the distribution of any recovery must be determined in accordance with federal law); In re Dennison's Estate, 203 Misc. 1004, 124 N.Y.S.2d 668 (Sur. Ct. 1953); 37 N.Y. Jur. 2d Death § 466. Moreover, since this is, at least in part, an action for the benefit of or on behalf of an infant, any settlement or compromise of this action must come before this Court for approval, pursuant to Local Rule 17.1

In advance of a motion seeking approval of both the settlement and the proposed distribution of the settlement sum, Mr. Hagen, through counsel, has made application pursuant to Local Rule 83.13 to file under seal: (i) the Mediation Agreement (proposed Sealed Exhibit A) pursuant to which this action has been resolved; (ii) the Settlement Terms (proposed Sealed Exhibit B) showing the planned structured annuity payments to the twin girls; and (iii) related settlement agreement and structured settlement closing documentation. Alternately, Mr. Hagen seeks leave to file redacted versions of all pertinent documentation, such that there will be no public reference to the settlement sum or to any partial distributions of the settlement sum.

Having conducted an *in camera* inspection of referenced Exhibits, having reviewed and considered the facts and arguments detailed in the application, the Court finds and orders as follows:

In determining whether documents relating to a lawsuit must be made available to the public, the Second Circuit has directed courts to engage in a three-step analysis. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

First, a court must decide whether the documents are "judicial documents," to which the public has a presumptive right of access. *Id.* at 119. The mediation agreement by which this matter is tentatively settled is not in the strictest sense a "judicial document" to which the public has a presumptive right of access. It is the product of private negotiations, conducted pursuant to private mediation, in which the Court played no role. Accordingly, no presumptive public right of access attaches to it. *See, e.g.*, *United States v. Glens Falls Newspapers*, 160 F.3d 853, 857 (2d Cir. 1998) (holding that there is no presumptive right of access to settlement discussions and documents); *Palmieri v. New York*, 779 F.2d 861, 865 (2d Cir. 1985) (noting that "[s]ecrecy of settlement terms ... is a well-established American litigation practice") (citation omitted); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (noting that there is no established presumption of access to the terms of a settlement agreement).

Second, if the documents were indeed judicial documents, the court next "must determine the weight of th[e] presumption." *Id*. "The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

The Court here will be called upon to approve the propriety of the distribution of the settlement sum as between Mr. Hagen, the widower, and the dependent children. In exercising this function, the Court can lay plain its reasoning and findings, without need for reference to the particular settlement sum.

Third, "[o]nce the weight of the presumption is determined, a court must balance competing considerations against it." *Id.* at 1050. Competing considerations "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.' " *Lugosch*, 435 F.3d at 120 (citing *Amodeo*, 71 F.3d at 1050).

Here, the weight of the presumption is weak, while the considerations weighing against it are many and strong. The parties themselves have agreed upon confidentiality of the settlement sum as a material term of their agreement; without it, there is no resolution. Preserving the confidentiality of the settlement sum promotes judicial efficiency, encourages the swift resolution of litigated disputes, and saves costs and resources for all concerned. Moreover, the privacy interests of Mr. Hagen, and of his twin daughters, Annabelle and Samantha, should be given significant weight.

While the public has an interest in knowing that the interests of the girls have been protected, that the distribution of the settlement proceeds (as between the girls and their father) is fair and proper, and that the monies earmarked for the girls have been properly and prudently safeguarded (via structured annuities or otherwise), Mr. Hagen and the infants have a stronger

privacy interest in keeping the settlement sum private. The Court finds that it can properly exercise its function, and best protect the interests of both the public and the infants, by permitting the filing under seal of all documents revealing the settlement amount, or revealing any timing or amount of structured settlement payments to the infants.

Accordingly, IT IS HEREBY ORDERED:

(i) That the mediation agreement and settlement terms (reflecting the structured annuity payments) shall be sealed; and

(ii) That additional documents memorializing the settlement or the structured annuity shall be sealed.

July 9, 2018
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge